1   SUZZANNE UHLAND (CA Bar No. 136852)
    suhland@omm.com
2   CHRISTINA BROWN (CA Bar No. 242130)
    cjbrown@omm.com
3   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
4   San Francisco, CA  94111
    Telephone:     (415) 984-8700
5   Facsimile:     (415) 984-8701

6   R. SCOTT JENKINS (*Pro Hac Vice*)
    sjenkins@joneswalker.com
7   JONES WALKER LLP
    201 St. Charles Ave.
8   New Orleans, LA 70170
    Telephone:     (504) 582-8000
9   Facsimile:     (504) 582-8583

10  Counsel Specially Appearing for
    Defendant Cal Dive International
11  (Australia) Pty Ltd.
    (now known as Shelf Subsea Pty. Ltd.)

12

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15

16  TERAS CARGO TRANSPORT (AMERICA),       Case No. 3:15-cv-03566-JSC
    LLC,
17                                          **REPLY IN SUPPORT OF**
                  Plaintiff,                **MOTION TO DISMISS FOR**
18                                          **LACK OF PERSONAL**
          v.                                **JURISDICTION AND**
19                                          **IMPROPER VENUE BY**
    CAL DIVE INTERNATIONAL                  **DEFENDANT CAL DIVE**
20  (AUSTRALIA) PTY LTD.,                   **INTERNATIONAL (AUSTRALIA)**
                                            **PTY LTD. (NOW KNOWN AS**
21                Defendant.                **SHELF SUBSEA PTY. LTD.)**
                                            **[FED. R. CIV. P. 12(b)(2) and (3)]**
22
                                            Date:  October 8, 2015
23                                          Time:  9:00 a.m.
                                            Judge:  Hon. Jacqueline Scott Corley
24                                          Courtroom:  F, 15th Floor

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3

INTRODUCTION ..................................................................................................................... 1

4

I.      FEDERAL RULE OF CIVIL PROCEDURE 4(k)(2) DOES NOT APPLY
        TO CLAIMS ARISING UNDER FOREIGN LAW. ................................................. 1

5

II.     FEDERAL RULE OF CIVIL PROCEDURE 4(k)(2) DOES NOT
        CONFER PERSONAL JURISDICTION OVER TCTA'S CLAIMS. .................... 2

6

7

III.    CAL DIVE AUSTRALIA DOES NOT HAVE SUFFICIENT "MINIMUM
        CONTACTS" WITH CALIFORNIA OR SUFFICIENT "NATIONAL
        CONTACTS" WITH THE UNITED STATES TO ESTABLISH
        GENERAL OR SPECIFIC PERSONAL JURISDICTION IN THIS
        COURT. ...................................................................................................................... 4

8

9

IV.     JURISDICTIONAL DISCOVERY IS UNWARRANTED
        CONSIDERING CAL DIVE AUSTRALIA'S CONCESSION TO
        PERSONAL JURISDICTION IN TEXAS. ............................................................. 7

10

11

CONCLUSION ........................................................................................................................ 7

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

Page

## CASES

3

4

*Adams v. Unione Mediterranea Di Sicurta*,
    364 F.3d 646 (5th Cir. 2004)............................................................................3

5

*Advideo, Inc. v. Kimel Broad. Grp., Inc.*,
    727 F. Supp. 1337 (N.D. Cal. 1989) ...............................................................6

6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)......................................................................................5, 6

7

8

*Ear v. Empire Collection Auths., Inc.*,
    No. 12-1695, 2012 WL 3249514 (N.D. Cal. Aug. 7, 2012) ............................3

9

*Gray & Co. v. Firstenberg Mach. Co.*,
    913 F.2d 758 (9th Cir. 1990)............................................................................6

10

11

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007)............................................................................3

12

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
    256 F.3d 548 (7th Cir. 2001)............................................................................3

13

*Johnson v. Mitchell*,
    No. 10-1968, 2012 WL 1657643 (E.D. Cal. May 10, 2012) ...........................7

14

15

*Laub v. U.S. Dep't of the Interior*,
    342 F.3d 1080 (9th Cir. 2003)..........................................................................7

16

*Mackovich v. U.S. Gov't*,
    No. 06-00422, 2008 WL 2053978 (E.D. Cal. May 13, 2008) ..........................7

17

18

*Mwani v. bin Laden*,
    417 F.3d 1 (D.C. Cir. 2005) .............................................................................3

19

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006)..........................................................................7

20

*Touchcom, Inc. v. Bereskin & Parr*,
    574 F.3d 1403 (Fed. Cir. 2009)........................................................................4

21

## STATUTES

22

28 U.S.C. § 1391 ........................................................................................................7

23

## RULES

24

Fed. R. Civ. P. 12(b) .................................................................................................3

25

Fed. R. Civ. P. 12(b)(2)..........................................................................................1, 7

26

Fed. R. Civ. P. 12(b)(3)..........................................................................................1, 7

Fed. R. Civ. P. 4(k)(2) .......................................................................................1, 2, 3

27

Fed. R. Civ. P. 4(k)(2) advisory committee's note (1993 amends.) ..........................1

28

1

**INTRODUCTION**

2    Teras Cargo Transport (America), LLC ("TCTA") argues that this Court has personal

3  jurisdiction over Cal Dive International (Australia) Pty Ltd. ("Cal Dive Australia") based upon

4  Federal Rule of Civil Procedure 4(k)(2) and Cal Dive Australia's alleged "national contacts" with

5  the United States, and not simply any purported "minimum contacts" with California.

6  (Opposition to Motion to Dismiss, Dkt. 18 ("Opp.").)  Yet TCTA's argument ignores the fact that

7  Rule 4(k)(2) applies only to claims arising under federal law and only when suit could not be

8  brought in any other state.  To the contrary, TCTA's claims for breach of charter party arise under

9  Western Australia law, which governs the contract at issue.  And as TCTA implicitly recognizes

10  throughout its opposition, suit could be brought in Texas based upon Cal Dive Australia's

11  "minimum contacts" there.  TCTA's argument regarding Cal Dive Australia's alleged

12  "purposeful availment" and "minimum contacts" with California remains specious and

13  unsupported.

14    As such, this Court lacks personal jurisdiction over Cal Dive Australia, and venue in

15  California is likewise improper—instead, this dispute should be decided in Western Australia.  In

16  the alternative, Cal Dive Australia concedes that personal jurisdiction could be exercised in

17  Texas, thereby invalidating TCTA's argument that this Court can exercise personal jurisdiction

18  under Rule 4(k)(2).  The Complaint should thus be dismissed under Federal Rules of Civil

19  Procedure 12(b)(2) and 12(b)(3).

20  **I.      FEDERAL RULE OF CIVIL PROCEDURE 4(k)(2) DOES NOT APPLY TO
            CLAIMS ARISING UNDER FOREIGN LAW.**

21

22    TCTA's suggestion that Rule 4(k)(2) can be applied to this litigation is legally flawed.

23  When Rule 4(k)(2) was amended in 1993, the advisory committee made clear that this "narrow"

24  rule does not establish jurisdiction for claims arising under foreign law:

25        This narrow extension of the federal reach applies only if a claim is
          made against the defendant under federal law. *It does not establish*
26        *personal jurisdiction if the only claims are those arising under state law or*
          *the law of another country,* even though there might be diversity or
27        alienage subject matter jurisdiction as to such claims.

28  Fed. R. Civ. P. 4(k)(2) advisory committee's note (1993 amends.) (emphasis added).

As Cal Dive Australia noted in its motion to dismiss, the Master Marine Services Agreement ("MMSA") at issue in this case calls for the contract to be governed by Western Australia law.  (Motion to Dismiss, Dkt. 13 ("Mot.") at 3 & Ex. B.)  While TCTA tries to generally plead the application of general maritime law, the simple fact remains that TCTA alleges a breach of contract claim, which contract is specifically governed by Western Australia law—not U.S. federal law.  (*Id.*)  Simply put, this case should have been brought in Western Australia.  This Court cannot exercise personal jurisdiction based upon Rule 4(k)(2) when the law that will ultimately decide this breach of contract suit is foreign law and where venue is proper in Western Australia.

## II.    FEDERAL RULE OF CIVIL PROCEDURE 4(k)(2) DOES NOT CONFER PERSONAL JURISDICTION OVER TCTA'S CLAIMS.

Rule 4(k)(2) states, in pertinent part:

> *Federal Claim Outside State-Court Jurisdiction.*  For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A)   the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B)   exercising jurisdiction is consistent with the United States Constitution and laws.

TCTA argues that because its claims purportedly arise under "federal law" (*i.e.*, general maritime law), "the relevant test for jurisdiction is the 'national contacts' standard set forth in Rule 4(k)(2)."  (Opp. at 1.)  According to TCTA, this rule "authorizes jurisdiction based on a defendant's national contacts," and applies when three conditions are met:  (1) the cause of action must arise under federal law; (2) the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction must comport with due process.  (*Id.* at 2.)

TCTA summarily states that all three conditions are met and, additionally, that Cal Dive Australia "has, for whatever reasons, refused to concede jurisdiction in another state."  (*Id.* at 2.)  Yet Cal Dive Australia has never been asked to do so.  To the contrary, in filing its motion to dismiss, Cal Dive Australia specifically addressed the exercise of personal jurisdiction over it in a

REPLY ISO MOTION TO DISMISS
BY CAL DIVE INT'L (AUSTRALIA) PTY LTD.
Case No. 3:15-CV-03566-JSC

California court based upon its contacts with California.  Tellingly, TCTA did not allege or

contend in its Complaint that jurisdiction was proper under Rule 4(k)(2) or that it was asserting its

claim based on the "national contacts" of Cal Dive Australia.  Rather, TCTA asserted that "a

substantial amount of events relevant to the case occurred in Marin County."  (Complaint, Dkt. 1

("Compl.") ¶ 2.)  Only now, after having received Cal Dive Australia's motion to dismiss does

TCTA assert that its claims would be predicated upon the alleged "national contacts" of Cal Dive

Australia.

     Cal Dive Australia has not, as TCTA alleges, "refused to concede jurisdiction in another

state." (Opp. at 2.)  Indeed, in asserting its Rule 12(b) defense, Cal Dive Australia did not need to

prove or assert anything, as TCTA bears the burden of establishing that this Court has jurisdiction

and that venue is proper.  *Ear v. Empire Collection Auths., Inc.*, No. 12-1695, 2012 WL 3249514,

at *2 (N.D. Cal. Aug. 7, 2012).  Nonetheless, Cal Dive Australia was not suggesting that personal

jurisdiction could not be maintained in another forum.

     In the Ninth Circuit, a defendant need only identify a state in which personal jurisdiction

could be exercised in order to prevent application of Rule 4(k)(2).  As the Ninth Circuit has held:

> Accordingly, we join the Fifth, Seventh, and D.C. Circuits in
> holding that *[a] defendant who wants to preclude use of Rule
> 4(k)(2) has only to name some other state in which the suit could
> proceed.*  Naming a more appropriate state would amount to a
> consent to personal jurisdiction there. . . . If, however, the defendant
> contends that he cannot be sued in the forum state and refuses to
> identify any other where suit is possible, then the federal court is
> entitled to use Rule 4(k)(2).  This procedure makes it unnecessary
> to traipse through the 50 states, asking whether each could entertain
> the suit.

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (emphasis

added) (citing *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)

(citations omitted)); *see also Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651 (5th

Cir. 2004) ("We agree with the Seventh Circuit, that a piecemeal analysis of the existence *vel non*

of jurisdiction in all fifty states is not necessary.  Rather, so long as a defendant does not concede

to jurisdiction in another state, a court may use 4(k)(2) to confer jurisdiction."); *Mwani v. bin

Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005) (adopting the Seventh Circuit's approach).  "[T]he

REPLY ISO MOTION TO DISMISS
BY CAL DIVE INT'L (AUSTRALIA) PTY LTD.
Case No. 3:15-CV-03566-JSC

1   purposes of Rule 4(k)(2) are best achieved when the defendant is afforded the opportunity to

2   avoid the application of the rule only when it designates a suitable forum in which the plaintiff

3   could have brought suit." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir.

4   2009).

5          Ultimately, suit should have been brought in Western Australia, as that law will govern.

6   However, as TCTA implicitly recognizes throughout its opposition, Cal Dive Australia has

7   sufficient "minimum contacts" with Texas.  TCTA notes, for example, that certain individuals on

8   the emails between TCTA and Cal Dive Australia appear to work out of the same office or

9   general headquarters in Texas.  (Opp. at 11.)  As the issue has now been raised, Cal Dive

10  Australia concedes, in the alternative, that personal jurisdiction could be exercised over it in

11  Texas.

12  **III.    CAL DIVE AUSTRALIA DOES NOT HAVE SUFFICIENT "MINIMUM
          CONTACTS" WITH CALIFORNIA OR SUFFICIENT "NATIONAL
13        CONTACTS" WITH THE UNITED STATES TO ESTABLISH GENERAL OR
          SPECIFIC PERSONAL JURISDICTION IN THIS COURT.**
14

15         Because personal jurisdiction could be exercised in Texas, it is unnecessary to analyze

16  TCTA's arguments regarding Cal Dive Australia's "national contacts."  Rather, personal

17  jurisdiction in this Court is proper only if TCTA can show that Cal Dive Australia has sufficient

18  contacts with California to establish general or specific personal jurisdiction here.  TCTA has

19  failed to do so.  Its arguments regarding Cal Dive Australia's alleged "purposeful availment" and

20  "minimum contacts" with California are erroneous and highlight why exercising personal

21  jurisdiction in California would be improper.

22         In attempting to establish Cal Dive Australia's minimum contacts with California, TCTA

23  relies entirely on the location of its own general counsel, Timothy Lord.  TCTA suggests that Cal

24  Dive Australia purposefully failed to mention that TCTA "maintained an office in Marin County

25  from which Mr. Lord has worked for the past five years."  (Opp. at 4.)  Yet TCTA offers no

26  evidence that Cal Dive Australia was aware of this.  TCTA's argument is particularly

27  confounding when one considers the lack of public information available regarding TCTA's

28  general counsel and TCTA's operations.

1    In his affidavit, Lord attests that since he began working for TCTA in January 2010, he

2    has "worked in an office of TCTA located at 4040 Civic Center Drive, Suite 200, San Rafael,

3    California, 94904."  (Declaration of Timothy Lord, Dkt. 20 ("Lord Decl.") ¶ 3.)  Yet a simple

4    Google search of this address and the word "Teras" returns no results.  TCTA does not list this

5    Marin County office on its website.  (*See* Declaration of Christina Brown in Support of Reply

6    ("Brown Decl.") Ex. A (printout of TCTA's "Locations" page from its website).)  Nor does

7    Lord's profile on TCTA's website indicate that he maintains an office in California.  (*See* Brown

8    Decl. Ex. B (printouts of TCTA's "Management Team" page and Tim Lord's profile page from

9    its website).)  In fact, on the California State Bar website, Lord lists his address as 335 Hyacinth

10   Way, San Rafael, CA 94903.[1]  (*See* Brown Decl. Ex. C (printout of Timothy Lord's attorney

11   profile page).)  This address appears to be a house in a residential neighborhood.  The various

12   emails attached to Lord's declaration do not contain any signature block identifying this

13   California office address.  The obvious question becomes:  How was Cal Dive Australia supposed

14   to know about TCTA's purportedly "extensive" presence in California if there was limited to no

15   information available about that presence?

16   It is disingenuous for TCTA to suggest that Cal Dive Australia painted "a misleading

17   picture regarding the extensive nature of CDA's contacts with California in connection with this

18   transaction" (Opp. at 12), when the available information regarding TCTA's presence in

19   California was minimal, if not nonexistent.  The simple fact remains that the only known contact

20   Cal Dive Australia had with TCTA in California was the result of Lord maintaining his residence

21   there.  As TCTA freely admits, the MMSA itself was signed by TCTA's President in Washington

22   State.  (Lord Decl. ¶ 4.)  Despite TCTA's best efforts, it has failed to show the requisite

23   "deliberate" action or "significant activities" on the part of Cal Dive Australia directed toward

24   California.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).

25   It is well established that "[a] defendant has purposefully availed himself of the benefits of

26   a forum if he has deliberately 'engaged in significant activities within a State or has created

27

28   _____
     [1] For comparison's sake, both attorneys representing TCTA in this lawsuit list their work
     addresses on the California State Bar website.

REPLY ISO MOTION TO DISMISS
BY CAL DIVE INT'L (AUSTRALIA) PTY LTD.
Case No. 3:15-CV-03566-JSC

1    continuing obligations' between himself and the residents of the forum." *Gray & Co. v.*

2    *Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (quoting *Burger King*, 471 U.S. at

3    475–76). "Isolated contacts, an attenuated affiliation, or the unilateral activity of another party in

4    the forum state is insufficient." *Advideo, Inc. v. Kimel Broad. Grp., Inc.*, 727 F. Supp. 1337, 1340

5    (N.D. Cal. 1989).

6         Any communications with Lord while he was in California were directed toward TCTA

7    the company, not Lord individually. It is particularly telling that TCTA routinely refers to itself

8    as a "U.S.-based company" (*e.g.*, Opp. at 10), as it cannot legitimately argue that it has a

9    significant presence in California such that the exercise of specific personal jurisdiction would be

10   justified. Moreover, the communications at issue were hardly significant in the context of the

11   contract negotiations, as they addressed specific provisions of the documents, not the parties'

12   overall agreement. (Mot. at 8.) Nor did those communications create any continuing obligation

13   between Cal Dive Australia and a resident of California, since Cal Dive Australia was negotiating

14   with TCTA, a company based in Washington, not California. TCTA's argument conveniently

15   glosses over the fact that Cal Dive Australia was not negotiating with Lord in an individual

16   capacity.

17        Further, any harm allegedly suffered by TCTA did not arise out of Cal Dive Australia's

18   contacts with California. In fact, TCTA has not put forward any evidence to establish that it

19   suffered any harm in California; to the contrary, TCTA admits in its opposition that the alleged

20   harm suffered generally occurred in foreign countries. (Opp. at 9.)

21        TCTA's argument that general personal jurisdiction could be exercised over Cal Dive

22   Australia is equally specious. TCTA does not cite to any case in which a court has interpreted a

23   defendant's so-called "national contacts" to find a defendant "at home" in the United States

24   generally, such that a plaintiff could bring suit in the forum of its choice. Such a finding would

25   run counter to the basic principles of general personal jurisdiction. If a defendant were

26   considered "at home" in the United States, generally, it would be considered "at home" in a

27   specific state. That defendant would logically be subject to suit in that specific state (*i.e.*, where

28   its headquarters and/or operations take place) and not simply any state that a plaintiff chooses.

REPLY ISO MOTION TO DISMISS
BY CAL DIVE INT'L (AUSTRALIA) PTY LTD.
Case No. 3:15-CV-03566-JSC

In sum, while Cal Dive Australia concedes personal jurisdiction in Texas, the exercise of specific or general personal jurisdiction over it in California—based either upon its alleged "minimum contacts" with California, or any "national contacts" with the United States—remains improper.  Moreover, as explained in its motion to dismiss, venue in California remains improper under 28 U.S.C. § 1391, and TCTA has not met its burden to establish that venue is proper anywhere other than Western Australia.

**IV.   JURISDICTIONAL DISCOVERY IS UNWARRANTED CONSIDERING CAL DIVE AUSTRALIA'S CONCESSION TO PERSONAL JURISDICTION IN TEXAS.**

In light of Cal Dive Australia's concession of personal jurisdiction in Texas, and TCTA's failure to allege any meaningful contacts with California, jurisdictional discovery is unwarranted. "[L]imited discovery should not be permitted to conduct a 'fishing expedition.'" *Johnson v. Mitchell*, No. 10-1968, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012) (citation omitted); *see also Mackovich v. U.S. Gov't*, No. 06-00422, 2008 WL 2053978, at *1 (E.D. Cal. May 13, 2008) (denying discovery where plaintiff made "no showing that if further discovery were allowed, the outcome of the motion to dismiss would be affected") (citing *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  Moreover, "a district court may deny jurisdictional discovery '[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006).

Considering the specific denials made by Cal Dive Australia and the fact that Cal Dive Australia has already conceded that suit could be brought in Texas, jurisdictional discovery is unnecessary and unwarranted.

## CONCLUSION

For the reasons set forth above and in its motion to dismiss, Cal Dive Australia respectfully requests that its motion be granted.  TCTA's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue.

REPLY ISO MOTION TO DISMISS
BY CAL DIVE INT'L (AUSTRALIA) PTY LTD.
Case No. 3:15-CV-03566-JSC

1    Dated:  September 23, 2015

2                                      By:      /s/ Suzzanne Uhland
                                                Suzzanne Uhland
3
                                       Suzzanne Uhland
4                                      Christina Brown
                                       O'MELVENY & MYERS LLP
5                                      Two Embarcadero Center, 28th Floor
                                       San Francisco, CA 94111
6                                      Telephone:   (415) 984-8700
                                       Facsimile:   (415) 984-8701
7                                      suhland@omm.com
                                       cjbrown@omm.com
8
                                       R. Scott Jenkins
9                                      JONES WALKER LLP
                                       201 St. Charles Ave.
10                                     New Orleans, LA 70170
                                       Telephone:    (504) 582-8000
11                                     Facsimile:    (504) 582-8583
                                       sjenkins@joneswalker.com
12
                                       *Counsel Specially Appearing for*
13                                     *Defendant Cal Dive International (Australia)*
                                       *Pty Ltd. (now known as Shelf Subsea Pty. Ltd.)*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO MOTION TO DISMISS
BY CAL DIVE INT'L (AUSTRALIA) PTY LTD.
Case No. 3:15-CV-03566-JSC